AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL 1302, Petitioner

v.

FEDERAL LABOR RELATIONS AUTHORITY, Respondent.

No. 05–1168.

United States Court of Appeals, District of Columbia Circuit.

March 6, 2006.

Judith Deborah Galat, Mark D. Roth, American Federation of Government Employees, Washington, DC, for Petitioner.

David Michael Smith, Solicitor, William Reed Tobey, Deputy Solicitor, David Michael Shewchuk, Federal Labor Relations Authority, Washington, DC, for Respondent.

Before: BROWN and GRIFFITH, Circuit Judges, and EDWARDS, Senior Circuit Judge.

## JUDGMENT

This cause was considered on a petition for review of an order of the Federal Labor Relations Authority ("FLRA"), and was briefed and argued by counsel. It is

**ORDERED AND ADJUDGED,** by this Court, that the petition for review is hereby denied.

Petitioner asserts unfair labor practices under 5 U.S.C. § 7116(a) based on (1) the failure of the warden of the Administrative Maximum facility at the United States Penitentiary in Florence, Colorado, to promote Eric Nicholls, a senior officer at the Florence penitentiary, and (2) a statement the warden made to Nicholls. On March 22, 2005, the FLRA issued a decision and order finding no unfair labor practices. Substantial evidence supports the FLRA's findings of fact, and its decision is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §§ 706(2)(A), 7123(c).

In 1999, petitioner filed a previous charge also involving the same warden of the Administrative Maximum facility at the Florence penitentiary and Nicholls. In brief, that proceeding concerned allegations that the warden kept copies of comments employees had posted on a union web site. When Nicholls went to the warden to discuss a pay increase, the warden questioned Nicholls's loyalty and began paging through a binder containing the comments Nicholls had posted. The warden also told Nicholls the union was corrupt. The warden nevertheless approved Nicholls's pay increase. On June 16, 2000, the FLRA found that the warden's conduct and statements during the meeting with Nicholls gave rise to several violations of § 7116(a).

The current proceeding relates to Nicholls's subsequent efforts to obtain a promotion. The warden selected several officers from a list of candidates but passed over Nicholls. Nicholls again met with the warden, this time to discuss why he had not been selected for promotion, and in the course of the conversation, the warden allegedly told Nicholls there was a "core group" of employees whose careers he would never help. The warden also allegedly said he was choosing his words carefully to avoid misinterpretations.

■ With respect to the warden's failure to promote Nicholls, the warden testified that he followed a neutral process in selecting people for promotion, applying four criteria: (1) the candidate's most recent performance appraisals, (2) the opinions of the supervisory lieutenants regarding the candidate, (3) the candidate's assignment history, and (4) the candidate's sick-leave record. The warden found Nicholls did not merit promotion under these criteria. Petitioner takes issue with this assessment, arguing Nicholls merited promotion, but that question is not before us. For our purposes, the only question is whether substantial evidence supports the FLRA's finding that no unfair labor practice occurred in the non-selection of Nicholls for promotion. The warden's testimony regarding the selection process constitutes ample support for the FLRA's decision, and petitioner has not shown the decision should otherwise be set aside.

■ With respect to the warden's alleged statement about a core group of employees whose careers he would never help, which the Administrative Law Judge credited as having been made, ALJ Decision at 766, reprinted in Joint Appendix at 21, the statement made no reference to union membership or union activity. According to the warden, the statement referred to a group of three or four employees whom the warden believed to be corrupt. These employees also happened to be active in the union. More significantly, the warden testified

he did not include Nicholls in the core group of disfavored employees, and the warden made it clear he was choosing his words carefully, suggesting that, in light of the prior finding of unfair labor practices, he was trying to avoid any link between promotion decisions and union activity. Under *Dep't of the Air Force, Ogden Air Logistics Ctr., Hill AFB, Utah,* 35 F.L.R.A. 891, 895, 1990 WL 123237 (1990), an unfair labor practice occurs if, "under the circumstances, the statement or conduct [of the employer] tends to coerce or intimidate the employee, or [if] the employee could reasonably have drawn a coercive inference from the [employer's] statement." Reasonable minds could disagree as to how this standard should be applied to the facts at issue here. But, a reasonable person might easily conclude the warden's alleged statement did no more than assert his intention not to promote corrupt employees. The FLRA cited *Ogden Air* and found no unfair labor practice. Substantial evidence supports the FLRA's decision, and petitioner has not shown the decision should otherwise be set aside.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C. Cir. Rule 41.